MARY E. THIERRY, Plaintiff-Appellant, v. CARVER COMMUNITY ACTION AGENCY OF KNOX COUNTY, INC., Defendant-Appellee.

Third District   No. 3—90—0305

Opinion filed April 23, 1991.

Arthur J. Inman, of Peoria, for appellant.

Barash, Stoerzbach & Henson, of Galesburg (Paul L. Mangieri, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Mary Thierry, sued the defendant, Carver Community Action Agency, for reinstatement as executive director of the defendant, or for a hearing to discuss the grounds for her termination as executive director. The defendant moved to dismiss the action, claiming the plaintiff was exempt from the defendant's personnel policy. The trial court granted the defendant's motion to dismiss and the plaintiff appeals.

After serving as vice-president and president of the defendant's board of directors, the plaintiff was appointed executive director. There was no written or oral agreement between the plaintiff and defendant concerning the duration of the plaintiff's employment. The defendant, a not-for-profit organization, is governed by a board of directors which appoints the executive director.

The board of directors adopted a personnel policy in 1983. At that time, the plaintiff was a member of the board of directors. The per-

sonnel policy defined various categories of employees, including probationary employees (less than three months in defendant's employ), part-time permanent employees (three months in defendant's employ but working fewer than 40 hours per week), full-time permanent employees, temporary employees (a job assignment of not more than six months in a 12-month period), provisional employees (temporary appointments lasting longer than six months), and exempt employees. Section II, F, 6, of the personnel policy lists those employees exempted from its protective fold. Included among the list of exempt employees are individuals having special or unique qualifications, or individuals on whom the executive director relies, to develop or implement the broad philosophy of the agency.

The plaintiff was hired as executive director on June 1, 1984, and served in that capacity until July 24, 1989. On that date, she was informed by the chairman of the board of directors, Scott Swanson, that she had been terminated "for cause." She later received a letter from Swanson identifying the causes as follows:

1. Unsatisfactory work.

2. Inability to carry out assigned duties of her job.

3. Poor attitude demonstrated by failure to improve production of work.

4. Inefficiency.

5. Other such problems.

Section VI.B of the personnel policy reads in part:

"B. *Termination for Cause*

You are subject to termination from your job for such causes as will promote the efficiency of the agency. Unsatisfactory work performance, inability to carry out the assigned duties of your job, poor attitude demonstrated by failure to improve product of your work, inefficiency, and other such problems, shall be sufficient grounds for termination.

Part-time, temporary, provisional, or probationary employees, are subject to immediate termination at any time, with no rights to appeal their termination, and with no requirement that the Agency provide any warnings of any nature prior to such termination. Following a successful completion of the employee's probationary period, a full-time employee of the Agency shall, upon termination for cause, have the right to appeal such termination for cause in the following manner:

a. The terminated employee shall, within ten (10) calendar days following said termination, present to the Agency, a writ-

ten request for a hearing, before the Executive Director of the Agency or his designee ***."

The plaintiff, invoking section VI.B, demanded a hearing on her termination. The defendant responded that she had no right to a hearing but that it would review the decision to terminate her employment. The plaintiff was allowed the opportunity to present any information concerning her discharge at the board of director's next regularly scheduled meeting.

At the board of director's meeting of August 17, 1989, the plaintiff appeared in person and with counsel, and presented such information as she desired. Upon completion of the meeting, the board of directors went into executive session to discuss and review the plaintiff's discharge. Upon returning to the open session, the board of directors found that the plaintiff and counsel had departed. The board of directors then voted to reaffirm the plaintiff's termination.

Under Illinois law, a written or oral employment contract which does not specify a term of employment creates an employment relationship which lasts at the will of the parties. (*Harrison v. Sears, Roebuck & Co.* (1989), 189 Ill. App. 3d 980, 546 N.E.2d 248.) An employment relationship at will can be terminated for "a good reason, a bad reason, or no reason at all." *Hogge v. Champion Laboratories, Inc.* (1989), 190 Ill. App. 3d 620, 628, 546 N.E.2d 1025.

Furthermore, statements found in an employee policy manual may create enforceable contract rights. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.) In *Duldulao*, the court held that an employee handbook or policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe an offer had been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by continuing to work after learning of the policy statement. When these conditions are present, the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490, 505 N.E.2d 314, 318.) All three conditions set forth in *Duldulao* must be present to create enforceable contract rights. (*Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 529 N.E.2d 281.) In the instant case, the first condition, or requirement, is not satisfied because the person-

nel policy does not contain a promise clear enough that the plaintiff would reasonably believe to be an offer.

■ In the instant case, the plaintiff asserts that since the position of executive director was not specifically excluded under section II, F, 6, of the personnel policy, the policy must be construed as to include that position within its protective fold. That section exempts from the personnel policy "individuals having special or unique qualifications, or individuals on whom the executive director relies, to develop or implement the broad philosophy of the agency." The trial court ruled that pursuant to section II, F, 6, the plaintiff was not among those covered by the personnel policy. We agree. The executive director possesses those unique qualifications to implement policy as mentioned in section II, F, 6. We further note that the aforementioned section refers to two groups of employees, either those employees having special or unique qualifications, *or* those employees on whom the executive director relies. It therefore follows that if those employees on whom the executive director relies for making and implementing policy are exempted from the personnel policy, then the individual ultimately responsible for making policy, the executive director, is also exempted.

According to the plaintiff's argument, the appeal of the termination of the executive director would be to the executive director. Thus, the plaintiff's appeal would be to herself or to her "designee" as provided by section VI.B.B. of the personnel policy. This argument, while it does give new meaning to the term job security, is meritless. The language in the personnel policy cannot be interpreted by a reasonable person to construe an offer to the executive director of the right to a hearing before herself upon her termination. Thus, the plaintiff is unable to show that the language of the personnel policy contains a clear promise such that she could have reasonably construed to be an offer.

The plaintiff's complaint is deficient as a matter of law because it failed to meet even the first prong of the *Duldulao* test. We conclude therefore that the personnel policy did not create enforceable contractual rights with the plaintiff. The plaintiff failed to rebut the presumption that she was an employee at will and consequently she was not subject to the personnel policy's protection. We affirm the judgment of the circuit court of Knox County.

Affirmed.

GORMAN and HAASE, JJ., concur.